UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE SETTLEMENT
CORPORATION; and LIFE
INSURANCE COMPANY OF NEW
YORK,

    Plaintiffs,

v.

                              Case No. 6:16-cv-638-Orl-37DCI

ELIZABETH BIDWELL; LEOLE
CROPANESE; and T.J.B.,

    Defendants.

## ORDER

The instant interpleader action arises from competing designations of beneficiaries to a structured settlement fund ("**Fund**"). (*See* Doc. 1.) The pertinent allegations of the Complaint are as follows. In August of 1992, Mr. Thomas Joseph Bidwell ("**Mr. Bidwell**") entered into a Release and Settlement Agreement ("**Agreement**") to resolve a medical malpractice action. (Doc. 1, ¶ 10.) Under the Agreement, Mr. Bidwell received monthly payments from the Fund for his lifetime. (*Id.*) If Mr. Bidwell died prior to July 27, 2028, the Agreement obligated the insurer to make any remaining payments to his estate ("**Estate**"). (*Id.* ¶ 11.)

In May of 2002, the insurer received a notarized form designating Mr. Bidwell's mother, Elizabeth Bidwell ("**Ms. Bidwell**"), as the primary beneficiary under the Agreement. (*Id.* ¶ 14.) Later, in August of 2005, the insurer received a subsequent

-1-

notarized form designating Ms. Bidwell as the sole *and* primary beneficiary. (*Id.* ¶ 15.) In August of 2006, the insurer received a third notarized form, this time designating Ms. Bidwell and her sister, Leole Cropanese ("**Ms. Cropanese**"), as primary beneficiaries in equal share. (*Id.* ¶ 16.) Finally, in August of 2009, the insurer received a letter from an attorney purporting to represent Mr. Bidwell ("**Letter**"). (*Id.* ¶ 17.) The Letter informed the insurer that Mr. Bidwell intended to change the beneficiary of the Fund to "his daughter, T.J.B., as the sole beneficiary per stirpes."[1] (*Id.*) Both Mr. Bidwell and the attorney appear to have signed the Letter. (*Id.*)

Mr. Bidwell ultimately passed away on December 20, 2015. (*Id.* ¶ 18.) Following his death, Ms. Bidwell contested the validity of the Letter and filed a claim, on behalf of the Estate, to any remaining amounts due under the Agreement. (*Id.*) As grounds, Ms. Bidwell claimed that: (1) prior to his death, Mr. Bidwell was declared insane in a criminal proceeding, thereby rendering him "mentally unfit and incapable" of rationally changing the beneficiary to the Fund; and (2) she questioned whether T.J.B. was actually Mr. Bidwell's daughter. (*Id.*) Based on their uncertainty as to the proper payee of the remaining payments, Plaintiffs filed this interpleader action. (*Id.* ¶¶ 21–30.) The remaining payments due under the Agreement include a lump sum payment of $65,000—due on July 27, 2018, and a lump sum payment of $92,500—due on July 27, 2028 ("**Payments at Issue**"). (Doc. 1, ¶ 20.)

---

[1] At the time Plaintiffs filed the Complaint, Plaintiffs believed that T.J.B. was a minor. (Doc. 1, p. 1.) Plaintiffs have since confirmed that T.J.B.—whose actual name is Tammie J. Henning—is an adult. (Doc. 46, p. 2 & n.1.)

Presently, Plaintiffs move to be discharged as parties to this action, save for their obligation to distribute the Payments at Issue to the prevailing claimant. (Doc. 46 ("**Motion**").) But upon closer inspection of the pleadings, the Court finds that Plaintiffs have not fully satisfied the jurisdictional prerequisites to maintain this action. Plaintiffs invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1335. (Doc. 1, ¶ 8.) Under this statute, district courts have original jurisdiction over interpleader actions in which: (1) the property in the possession of the stakeholder is valued at $500 or more; (2) at least two of the adverse claimants are of diverse citizenship; and (3) the plaintiff has deposited the contested amount into the court registry. *See also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–531 (1967) (interpreting the federal interpleader statute as requiring only "minimal diversity"—"that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens"); *Am. Gen. Life Ins. Co. v. Brothen*, 829 F. Supp. 2d 1369, 1371 (N.D. Ga. 2011) (reciting the jurisdictional elements). Here, Plaintiffs have sufficiently pled that at least two of the claimants are of diverse citizenship and that the amount in controversy exceeds $500. (Doc. 1, ¶¶ 3, 5, 6, 8, 20.) However, the Motion reveals that Plaintiffs have not deposited the Payments at Issue into the court registry. (*See* Doc. 46, p. 7, n.3.) Although Plaintiffs state that, due to reserve requirements, they cannot issue the payments until their respective due dates (*id.*), such deposit is a prerequisite to invoking the Court's jurisdiction under the federal interpleader statute. Without it, Plaintiffs must pursue their requested relief in state court.

In addition to this jurisdictional deficiency, the Court lacks crucial information to

assess the propriety of the Motion at this time. First, Plaintiffs certify that they have conferred with Ms. Bidwell's counsel concerning the Motion, but fail to certify whether they have conferred with T.J.B.[2] (*Id.* at 10.) Second, despite the Clerk's default entered against Ms. Cropanese (Doc. 17) and Plaintiffs' representation that Ms. Cropanese does not intend to claim any interest in the Payments at Issue (Doc. 46, p. 4 n.2), the Court has concerns as to why Plaintiffs have not submitted documentation of Ms. Cropanese's stated intentions. Absent such verification, the Court declines to merely "take Plaintiffs' word for it." In light of the foregoing, the Motion is premature.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before Friday, **July 7, 2017**, Plaintiffs must deposit the Payments at Issue into the court registry and provide certification of this deposit to the Court. If Plaintiffs remain unable to deposit the Payments at Issue, this action will be dismissed without prejudice for lack of subject matter jurisdiction.

2. Plaintiffs' Motion for Discharge, Deposit Interpleader Funds and Memorandum in Support Thereof (Doc. 46) is **DENIED WITHOUT PREJUDICE**. Plaintiffs may refile the Motion once they have:

    a. Satisfied the jurisdictional prerequisites to maintaining this

---

[2] Ms. Bidwell appeared in this action on June 28, 2016, and subsequently answered the Complaint. (Docs. 12, 15.) Plaintiffs initially encountered substantial problems in locating T.J.B., but after extensive efforts, Plaintiffs located T.J.B., who recently appeared *pro se*, returned a waiver of service, and thereafter consented to the Court's jurisdiction. (*See* Docs. 43, 44). T.J.B. has not yet answered the Complaint, but Plaintiffs have also neglected to move for Clerk's default. So T.J.B. remains a full participant in this litigation.

action, as specified above; and

b. Properly conferred with all parties or, alternatively, obtained a Clerk's default and default judgment against T.J.B.

3. Should Plaintiffs chose to refile the Motion, they must also:

a. Provide a sworn statement as to Mr. Cropanese's intention concerning her potential claim to Payments at Issue; or

b. Obtain default judgment against Ms. Cropanese.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 23, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record